UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALI SALEH,<br><br>    Plaintiff,<br><br>v.<br><br>EACONOMY, LLC, *et al.*,<br><br>    Defendants.<br><br>EACONOMY, LLC, *et al.*,<br><br>    Counter Claimants,<br><br>v.<br><br>ALI SALEH,<br><br>    Counter Defendant. | Case No. 2:23-cv-00843-RFB-MDC<br><br>**ORDER** |

Before the Court are the Motion for a Temporary Restraining Order (ECF No. 40) and Motion for a Preliminary Injunction (ECF No. 41) of Defendant-Counter Claimant Eaconomy, LLC. For the foregoing reasons, the Court grants the preliminary injunction and denies the temporary restraining order as moot.

**I.    PROCEDURAL BACKGROUND**

On May 30, 2023, Plaintiff-Counter Defendant Ali Saleh filed a complaint claiming breach of contract, breach of the implied covenant of good faith, declaratory relief, and defamation against Defendants-Counter Claimants Eaconomy, LLC and Hassan Mahmoud. ECF No. 1. On May 31, 2023, Mr. Saleh filed the operative amended complaint with additional details regarding the alleged harms. ECF No. 2. On August 14, 2023, Mr. Mahmoud answered the amended complaint and raised a counterclaim alleging defamation *per se*, libel, and slander. ECF No. 15. On August 15, 2023, Eaconomy answered the amended complaint and raised a counterclaim alleging breach

1  of contract, tortious interference, defamation *per se*, libel, slander, and violation of the Defense of
2  Trade Secrets Act. ECF No. 17. On September 5, 2023, Mr. Saleh filed a Motion to Dismiss Mr.
3  Mahmoud's counterclaim. ECF No. 15. The Motion to Dismiss was later denied as moot on June
4  20, 2024. On September 26, 2023, Eaconomy filed an amended counterclaim with additional
5  factual information regarding his claims against Mr. Saleh. ECF No. 22. On April 11, 2024,
6  Eaconomy filed a Temporary Restraining Order ECF No. 40, and Preliminary Injunction. ECF No.
7  41. On May 2, 2024, Mr. Saleh filed a Motion to Extend Time to respond to Defendants Motion
8  for Temporary Restraining Order, and Motion for Preliminary Injunction, the request was granted.
9  ECF No. 43, 46. On July 12, 2024, Eaconomy filed a Notice of Non-opposition to Defendant's
10 Motion for Temporary Restraining Order and Preliminary Injunction. EFC No. 48. On September
11 13, 2024, Eaconomy filed an Emergency Motion for a Hearing regarding Defendant's Motion for
12 Temporary Restraining Order and Motion for Preliminary Injunction. ECF No. 57. Subsequently,
13 on October 11, 2024, Eaconomy filed a 90 Day Notice Pursuant to LR IA 7-1 regarding
14 Eaconomy's Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 60.

## II. FACTUAL ALLEGATIONS

The following allegations are taken from Mr. Saleh's amended complaint, and Eaconomy's amended counterclaim.

Eaconomy is an education and technology company that provides training and advice for trading in the financial markets. Eaconomy uses a network marketing strategy where revenue is derived from sales made by non-salaried independent distributors or participants that sell the products of an umbrella company to their personal connections. Mr. Mahmoud is the owner, founder, managing member, and chief executive officer of Eaconomy. Mr. Saleh is an entrepreneur with experience in network marketing, specializing in the cryptocurrency and foreign exchange industries.

In June 2022, Mr. Saleh entered into the Independent Contractor Agreement ("IAC") and officially joined Eaconomy as an affiliate. The IAC outlined the commission percentage Mr. Saleh would receive based on the people he recruited into the Eaconomy network. Pursuant to the ICA,

Mr. Saleh's duties to Eaconomy included: (1) assistance in developing a sustainable sales and customer organization within the Eaconomy business; (2) maintaining a positive business relationship with Eaconomy executives, employees, contractors, affiliates, and customers; (3) following and executing CEO Mr. Mahmoud's guides and Eaconomy's mission statement and vision; (4) not revealing Eaconomy trade secrets or private information. Additionally, the ICA states that the agreement is protected under a confidentiality clause and only permits disclosure of it's details to legal counsel. Finally, The ICA states that if it's terms or nondisclosure agreement are violated, the breaching party is liable for the immediate repayment of all bonuses paid out and will lose access to commissions related to affiliates they recruited to Eaconomy.

Eaconomy hosts a corporate retreat (the "Retreat") annually. The 2023 retreat was hosted in Dubai. After arriving in Dubai for the retreat, on May 2, 2023, Mr. Saleh received an email from Eaconomy's legal team stating the company had grounds to terminate Mr. Saleh's employment immediately. Rather than immediate termination, the email from Eaconomy offered Mr. Saleh the opportunity to meet with Mr. Mahmoud to discuss two alternative options. On the evening of May 2, 2023, Mr. Mahmoud told Mr. Saleh he had been advised by Eaconomy's legal team to terminate Mr. Saleh's employment and file a defamation suit against him. Rather than following the legal team's advice, Mr. Mahmoud offered Mr. Saleh the following options. (1) resigning from Eaconomy, or (2) terminating portions of the ICA, and allowing Mr. Saleh to continue working for six months, earning $50,000 a month. Mr. Saleh was given 48 hours to decide how he wanted to proceed.

On May 4, 2023, in a meeting with Mr. Saleh, Ms. Saleh (Mr. Saleh's wife), Mr. Mahmoud, and an Eaconomy affiliate, Mr. Saleh confessed to accusing Mr. Mahmoud of sexually harassing female affiliates and embezzling Eaconomy's funds. He stated that he knew the accusations were untrue, and that he hoped to, "make it right." On May 5, 2023, Mr. Saleh notified Mr. Mahmoud, that Eaconomy owed him an outstanding balance of $18,750 via text.  Mr. Mahmoud responded stating he was still deciding if Eaconomy would compensate Mr. Saleh. Subsequently, Mr. Saleh resigned from Eaconomy.

On May 11, 2023, Mr. Saleh received a Cease-and-Desist Demand from counsel for

1  Eaconomy. The letter alleged that Mr. Saleh was in violation of several provisions of their
2  contractual agreement including a non-disparagement clause, non-compete clause, and non-
3  solicitation clause. On May 26, 2023, Mr. Saleh was informed by a colleague who works in the
4  network marketing industry, that people in the industry were told Mr. Saleh was terminated from
5  Eaconomy due to inappropriate behavior with female distributors and affiliates.

### III. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. "Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs. Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

The Ninth Circuit has also held that a preliminary injunction may issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011). According to this test, a plaintiff can obtain a preliminary injunction by showing "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Id. at 1134-35 (citation omitted).

Furthermore, the failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion. The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion. Local Rule 7-2.

### IV. DISCUSSION

The Court finds from the record that as of March 24, 2025, more than eight months have elapsed since Ali Saleh's Motion to Extend Time to Respond to Eaconomy's Motion for

1  Temporary Restraining Order and Motion for Preliminary Injunction, ECF No. 43 was granted.
2  Based on the forgoing findings, Local Rule 7-2 applies. Mr. Saleh's failure to file points and
3  authorities in response to Eaconomy's Motion for Temporary Restraining Order ECF No. 40, and
4  Motion for Preliminary Injunction ECF No. 41 constitutes Mr. Saleh's consent to the Courts
5  granting of the motions.

### V.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Eaconomy's motion for Preliminary Injunction (ECF No. 41) is **GRANTED**, as follows:

> Plaintiff Ali Saleh as well as his agents, employees, or anyone acting in concert or participation with him who receive actual notice of this order are **PRELIMINARILY ENJOINED**, for the duration of this litigation, from disclosing confidential information or from using it for any purpose, including disparaging or defaming Defendants, or interfering with Eaconomy's contractual relationships.

**IT IS FURTHER ORDERED** that Defendant Eaconomy's Motion for Temporary Restraining Order (ECF No. 40) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Defendant Eaconomy's Emergency Motion for Hearing regarding (ECF No. 40) and (ECF No. 41), (ECF No. 57) is DENIED AS MOOT.

**DATED:** March 24, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**